BWB:HLJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

SAFI ABU RAFAH,

            Defendant.

- - - - - - - - - - - - - - - - -X

**12 M 635**

C O M P L A I N T

M. No. ~~_____~~
(18 U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS.:

MEGAN BUCKLEY, being duly sworn, deposes and says that she is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

In or about and between February 2012 and July 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAFI ABU RAFAH did knowingly receive and distribute visual depictions, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

(Title 18, United States Code, Section 2252(a)(2)).

The source of my information and the grounds for my belief are as follows:[1]

1. I have been employed as a Special Agent with the Department of Homeland Security since 2005 and am currently assigned to the New York Office, Child Exploitation Group ("CEG"). I have gained expertise in this area through training in classes and daily work related to conducting these types of investigations, including the execution of multiple search warrants relating to child pornography offenses and the subsequent prosecution of offenders. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs and videos depicting children (less than eighteen years of age) being sexually exploited by adults.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

3. On or about April 25, 2012 a New York City Police Department (NYPD) Detective working in an undercover capacity signed into a peer-to-peer program that is publicly-available, via

---

[1] Because the purpose of this complaint is merely to establish probable cause, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

-2-

an internet-connected computer. The NYPD Detective memorialized the session by intermittent video capture. Upon signing into the publicly available P2P file sharing program, the NYPD Detective observed that the user "Wierdo1987" was online. The NYPD Detective observed that "Wierdo1987" was sharing two (2) folders named as follows: "Boy-Boy and MB."

4. On February 22, 2012, the NYPD Detective engaged "Wierdo1987" in a chat session and asked for "Wierdo1987's" password for the "boy-boy" collection and "MB" collection. "Wierdo1987" replied, "new pass: boy / man." The NYPD Detective entered the password "boy" into the folder "Boy-Boy" and verified that it worked properly. The NYPD Detective entered the password "man" into the folder "MB" and verified that it worked properly. On April 25, 2012 both passwords still worked for the folders "Boy-Boy" and "MB". The folders contained a mixture of videos and pictures with titles indicative of child pornography. The NYPD Detective was able to download five (5) files from "Wierdo1987." A later review of these files revealed that all five videos were child pornography. The following is a description of three (3) videos:

> a. Filename: !!New2010[MB}Baby Raamat fucks and swallows(6minutes).avi
> Description: This video is six minutes and eight seconds in length. It begins with a still image of a boy toddler with an adult male's hand holding the toddler's head back with the adult male's erect penis against the toddler's mouth. The image looks like a newspaper article with the caption "Little bitch - boy Raamat. Eating sperm." The video changes to an adult male sitting on a chair

having anal sex with a boy toddler on his lap. The video then has the caption "He is 2 years. He like to touch and look at the cock and swallow sperm." The video then shows a boy toddler performing oral sex on an adult male's erect penis. The adult male holds the boy toddler's head back and ejaculates into the boy toddler's mouth and onto his face.

b.   Filename: 4Yo Boy Mathew.avi
Description: This video is two minutes and forty one seconds in length and has sound. The video begins with an adult male performing oral sex on boy toddler. The adult male then exposes the boy toddler's penis so that it is the focus of the video. The adult male then continues to perform oral sex on the boy toddler's penis. After the boy toddler performs oral sex on the adult male's erect penis. The video ends with the adult male performing oral sex on the boy toddler.

c.   Filename: 2011[MB][TODDLER]3yo Jay (w cum)(very good).avi
Description: This video is three minutes and twenty four seconds in length. It begins with an adult male's erect penis rubbing against a boy toddler's penis. The video ends with the adult male's penis ejaculating on the boy toddler's penis and stomach.

5.   The NYPD Detective used a publicly available program to identify the IP address utilized by "Wierdo1987" as 72.229.36.96, which was registered to Internet Service Provider Road Runner/Time Warner Cable. On April 26, 2012, your Affiant issued a summons to Road Runner/Time Warner Cable, for account information related to IP address 72.229.36.96. Road Runner/Time Warner Cable responded to the summons and identified the account using IP address 72.229.36.96 during the time of the downloads, as belonging to the account of Safi Aburasha, 16202 71st Ave, Apt 2, Flushing, NY 11365. According to Road Runner/Time Warner Cable, Safi Aburasha still had an active account as of June 5, 2012.

6. On June 25, 2012, the Honorable James Orenstein, U.S. Magistrate Judge in the Eastern District of New York, signed a search warrant for the residence located at 16202 71st Ave, Apt 2, Flushing, New York 11365, authorizing agents to search and seize evidence or fruits or instrumentalities of the possession, transportation, receipt, distribution and reproduction of sexually explicit material relating to children, in violation of Title 18 United States Code, Sections 2252 and 2252A.

7. On June 26, 2012, HSI agents went to 16202 71st Ave, Apt 2, Flushing, New York 11365 to execute the search warrant and learned from another resident at the address that the occupant of the apartment, the defendant SAFI ABU RAFAH, was in Israel. Through database searches, HSI agents learned that the defendant was scheduled to return to the United States on July 5, 2012.

8. On or about July 5, 2012, U.S. Customs and Border Protection ("CBP") officers confirmed with your Affiant that the defendant was scheduled to arrive at John F. Kennedy International Airport ("JFK"), in Queens, New York later that day.

9. On or about July 5, 2012, your Affiant together with an NYPD Detective interviewed the defendant SAFI ABU RAFAH at JFK following his arrival from Israel. The defendant SAFI ABU RAFAH was advised of his <u>Miranda</u> rights orally and in writing, which he waived orally and in writing, agreeing to speak with law enforcement without an attorney present. During the course of the interview, the defendant SAFI ABU RAFAH admitted in sum, substance

and part that he had knowingly downloaded images and video files depicting child pornography from the Internet for a couple of years and that he had retained those files. He also stated that his username on the P2P file sharing program is "Wierdo1987" and that he shares files depicting child pornography with his "buddies" on the P2P file sharing program. In sum, substance and in part, the defendant denied ever sexually touching a child, but stated that he did not know what he would do if he were confronted with that opportunity. In addition, the defendant was shown four of the videos that the NYPD Detective had previously downloaded from the defendant's collection. The defendant SAFI ABU RAFAH acknowledged having viewed three of the four videos but was uncertain about the fourth. In addition, the defendant SAFI ABU RAFAH identified a laptop computer that was in his possession and stated that he was the only person who uses this computer. A border search of his computer revealed additional files depicting child pornography. The defendant was not asked any questions about these files.

WHEREFORE, your affiant respectfully requests that the defendant SAFI ABU RAFAH be dealt with according to law.

MEGAN BUCKLEY
Special Agent
Homeland Security Investigations

Sworn to before me this
5th day of July, 2012

THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK